The Hon. Richard Fletcher, appointed a Justice of this court, in the place of the Hon. Charles E. Forbes, resigned, took the oaths of office on the 24th of October, 1848, and his seat on the bench at the commencement of this term.

## James B. Wilson vs. Timothy G. Coffin.

An attorney at law, who undertakes the collection of a debt, and, by gross negligence, puts it into such a situation, as to embarrass the creditor in obtaining payment, and to render the debt of less value, — as where an attorney takes the debtor's note for the debt to himself, secured by a mortgage, contrary to the creditor's directions, — is liable to his employer, in an action on the case, though the debtor always has been and still is able to pay the debt.

In an action on the case, against an attorney, for negligence, it was alleged, in the

declaration, that "the defendant did obtain judgment for the plaintiff, on said notes and accounts, and did, without the consent of the plaintiff, and contrary to his express directions, undertake to settle and adjust such claims with said P., and did not follow the instructions of the plaintiff; but so carelessly and negligently conducted the said trust, that the said debt has never been paid or collected, and the plaintiff has wholly lost the attachment," &c.; on motion in arrest of judgment, it was held, that if the declaration was defective, in not setting out any specific, particular act of negligence, the defect was cured by the verdict.

THIS was an action on the case against the defendant, as an attorney and counsellor at law, for negligence in conducting the business of the plaintiff.

The declaration was as follows : —

" In an action of the case, for that the plaintiff, on the (blank) day of July, in the year eighteen hundred and forty-two, being the owner and holder of two certain notes and accounts against one George Purrington, indorsed by the father of said Purrington, to wit, James Purrington, which notes and accounts were then and there due, and the property of the plaintiff, and the defendant being then and there, to wit, at New Bedford, in the county of Bristol, a practising attorney and counsellor at law, in which said county of Bristol the said George Purrington and James Purrington resided, which notes and accounts were of the amount of $212·63, delivered the same notes and accounts to the defendant, he being a practising attorney and counsellor in the said county of Bristol, to be by him collected and paid over to the plaintiff, and then and there employed and retained the defendant, for a reasonable fee or reward to be paid him by the plaintiff, in his said capacity of attorney, to use all necessary care and fidelity in collecting said demands, and especially to commence a suit against said George Purrington, and to secure the debt by attachment, and to make no arrangement with the said Purringtons to delay the extension of execution upon the lands of the said debtor, and not to take any consideration for said demands or in satisfaction of judgment, other than payment of the same, or extension of execution and set off upon the lands and property of the said Purrington. And the defendant did obtain judgment for the plaintiff on said notes and accounts, and did,

27*

without the consent of the plaintiff, and contrary to his express
directions, undertake to settle and adjust said claims with said
Purrington, and did not follow the instructions of the plaintiff,
but so carelessly and negligently conducted the said trust, that
the said debt has never been paid or collected, and the plain-
tiff has wholly lost the attachment and execution, and his
claim on said Purrington for the debt, by the proceedings of
the defendant in his said capacity as aforesaid, and has other-
wise suffered injury and loss."

At the trial, which was in the court of common pleas, be-
fore *Mellen*, J., the defendant admitted that the plaintiff was
the owner of the two notes mentioned in the declaration, on
which there was due, on the third Monday of August, 1843,
the sum of $150·71; that he was and is an attorney and coun-
sellor at law ; that the plaintiff delivered the notes to the
defendant, to collect, and duly employed the defendant to sue
Purrington thereon, and employed the defendant to use all
such care and diligence as is incumbent on an attorney in such
suit; that the defendant instituted suits on the notes, and ob-
tained judgment and took out execution thereon for the plain-
tiff; and that the notes or debt had never been paid or collect-
ed. But the defendant denied the two other allegations in the
declaration, namely, that the want of collection, or failure of
payment of the notes, was owing to the defendant's negli-
gence ; and that the defendant had lost any attachment in the
plaintiff's suit, or had lost the plaintiff's execution, or had lost
the plaintiff's claim on Purrington for his debt.

There was evidence tending to show, that an account in
favor of the plaintiff against George Purrington was left with
the defendant for collection, at the same time with the notes.
It appeared, also, in evidence, that two suits were instituted
by the defendant in favor of the plaintiff against George Pur-
rington, on which judgments were obtained, and that execu-
tions issued thereon on the 23d of August, 1843 ; that these
executions were never discharged by any indorsement on them,
but that the defendant took a note for the amount of both,
dated September 2d, 1843, payable to himself or order, with

a mortgage to secure the payment of the same; and that no account was included in either of these actions or judgments. There was no evidence, that Purrington's ability to pay had ever become less, since the notes were left with the defendant for collection. This suit was instituted on the 10th of October, 1844.

The defendant contended, and prayed the court to instruct the jury, that the gist of a suit against an attorney for negligence is the solvency of the original debtor, when the debt was delivered to the attorney to sue and collect, so that by diligence, the attorney might have collected the same, and the debtor's insolvency when the attorney was sued; and that mere delay and nonfeasance could not be a ground of sustaining this action, if the debtor was as able as ever to pay the debt, though that delay and nonfeasance might be a ground of defence against the attorney, if he should sue for fees.

The defendant also prayed the court to instruct the jury, that when a note is delivered to an attorney for collection, if the attorney discharge the debt either with or without payment, or compromise it for part payment without the client's leave, the only remedy against the attorney is by an action for money had and received; that if in any stage of the proceedings, before payment or discharge of the debt, the attorney delay to proceed and collect, unless a failure of the debtor intervene, the only remedy of the client is to demand the evidences of the debt, or vouchers or execution from the attorney, and in the event of a refusal, to bring an action for the same; but that the only ground, on which this suit could be maintained, would be proof of the attorney's negligence, by which and by the subsequent inability, or failure of the debtor, a loss of the debt had happened, which by the attorney's diligence might have been collected before such failure.

But the court refused so to instruct the jury, and did instruct them, that though Purrington was and ever had been and then was as able as ever to satisfy valid debts and judgments, to the amount of the debt left for collection by the

plaintiff with the defendant, yet if the defendant, by gross negligence, in a matter he had undertaken to perform as attorney, had embarrassed the collection of the plaintiff's debt, and put it in such a situation, that the plaintiff could not so readily realize the amount of his claim, and the plaintiff's debt was thereby rendered of less value, the plaintiff was entitled to recover of the defendant in damages.

The jury returned a verdict for the plaintiff, and the defendant thereupon alleged exceptions.

The defendant also moved in arrest of judgment, in this court, on the ground, that the declaration contained no sufficient allegation of any particular or specific act of negligence, committed by him.

*E. Ames*, for the defendant, argued, that if the plaintiff had any cause of action against the defendant for negligence as an attorney, he might have proceeded either by an action on the case, or by an action for money had and received. In the former, it would have been incumbent on him to allege some distinct, specific act of negligence, in his declaration, and to establish it by proof. There are four cases, among the reported decisions of this court, of actions against attorneys for negligence : — *Gilbert* v. *Williams*, 8 Mass. 51; *Dearborn* v. *Dearborn*, 15 Mass. 316 ; *Varnum* v. *Martin*, 15 Pick. 440 ; *Holman* v. *King*, 7 Met. 384. In all these cases, the specific act of negligence, upon which the claim of the plaintiff was founded, is distinctly set out in the declaration and proved. In the present case, there is no such act either alleged or proved ; or, which comes to the same thing, the charge of negligence is so vague and general, and of such a character, that, in point of law, it amounts to nothing. Setting aside the allegation of negligence, and leaving out all circumlocution, the declaration is merely for money had and received. But the plaintiff might, at his election, have brought his action for money had and received ; in which case it would have been incumbent on him to allege and prove a previous demand. There being no evidence in the case, either of any specific act of negligence. or of any de-

Wilson *v.* Coffin.

mand by the plaintiff, the instructions were wrong. The motion in arrest of judgment stands upon the same ground. If the declaration is in case for negligence, it is defective in not averring some distinct, specific act of negligence; if it is for money had and received, it is equally so, in not averring a demand.

*B. F. Hallett*, for the plaintiff. The only question presented by the bill of exceptions is, whether an action on the case, for gross negligence, can be maintained against an attorney, without showing that the plaintiff has thereby lost his debt, by reason of the entire insolvency of the debtor; or, whether it is not a sufficient ground, upon which to maintain such an action, that the attorney, by his negligent and unauthorized proceeding, has greatly embarrassed and obstructed the creditor in the recovery of his demand. In the cases on this subject, no such distinction is perceived. See the cases cited for the defendant, and the following : — *Pitt* v. *Yalden*, 4 Burr. 2061; *Langdon* v. *Potter*, 13 Mass. 319; *Smith* v. *Bowditch*, 7 Pick. 137; *Starr* v. *Vanderheyden*, 9 Johns. 253; *Crooker* v. *Hutchinson*, 2 Chipman, 117; *Wilson* v. *Russ*, 7 Shepl. 421; *Smallwood* v. *Norton*, 2 App. 83; *Suydam* v. *Vance*, 2 M'Lean, 99; 1 Steph. N. P. 414, and cases there cited. It does not appear, in the present case, nor is it contended, that the plaintiff has lost his debt, or that the debtor is insolvent. But the defendant has himself, and in his own name, taken the debtor's note for the debt, secured by mortgage; so that, in fact, the debt is now beyond the control or management of the plaintiff; and, if not lost, is, at all events, placed in such an embarrassed situation, that the plaintiff is without any certain remedy for its recovery. An action for money had and received cannot be maintained; because, in fact, no money has been received. Nor is such an action necessary; for an attorney has no authority to compromise a debt; and the doing so is an act of misconduct, for which he is liable. *Lewis* v. *Gamage*, 1 Pick. 347. The motion in arrest of judgment, if it might have been made with effect, at any stage of the cause, is too late after a verdict.

FLETCHER, J.   This is an action on the case for the alleged
negligence of the defendant, as an attorney at law, in regard
to a debt left with him by the plaintiff for collection, against
one Purrington.   That the defendant was an attorney, that he
was employed by the plaintiff to collect the debt of Purrington,
and that the debt had not been paid, was admitted by the
defendant; but he utterly denied all negligence on his part.
It appeared, that the defendant, as such attorney, obtained two
judgments, and took out two executions, on the plaintiff's
demands against Purrington, and that he took a note for the
amount of both executions payable to himself or order, and
a mortgage to secure the same, but that the executions had
not been discharged.   There was no evidence, that Purring-
ton's ability to pay had ever become less since the claims
were left with the defendant for collection.   The defendant
contended, and prayed the court to instruct the jury, that the
gist of a suit against an attorney for negligence was the sol-
vency of the original debtor, when the claim was delivered
to the attorney for collection, and the debtor's subsequent in-
solvency ; and that the action could not be sustained on the
ground of mere delay and nonfeasance, if the debtor was as
able as ever to pay the debt.   The defendant also prayed the
court to instruct the jury, that if an attorney discharged a
debt left with him for collection, with or without payment,
or compromised it without the client's leave, the only remedy
against the attorney was by an action for money had and
received ; that if in any stage of the proceedings, before pay-
ment or discharge of the debt, the attorney delayed to pro-
ceed and collect, unless a failure of the debtor intervened, the
only remedy of the client was to demand the evidences of
the debt from the attorney, and, on refusal, to bring an action
for the same; but that the only ground, on which this suit
could be maintained, would be proof of the attorney's negli-
gence, by which and the subsequent inability or failure of
the debtor, the debt had been lost.

But the court refused so to instruct the jury, and did instruct
them that, though Purrington always had been able, and then

was as able as ever, to satisfy valid debts, to the amount of the debt left by the plaintiff with the defendant for collection ; yet, if the defendant, by gross negligence, in a matter which he had undertaken to perform as attorney, had embarrassed the collection of the plaintiff's debt, and had put it in such a situation, that the plaintiff could not so readily realize the amount of his claim, and the plaintiff's debt was thereby rendered of less value, the plaintiff was entitled to recover of the defendant in damages.  Upon exceptions by the defendant to this ruling in the court of common pleas, the case comes to this court.

The ruling was, that, if the defendant, by gross negligence, in a matter he had undertaken to perform as an attorney, had embarrassed the collection of the plaintiff's debt, and put it in such a situation, that the plaintiff could not so readily realize the amount of his claim, and the plaintiff's debt was thereby rendered of less value, the plaintiff was entitled to recover damages of the defendant, though Purrington, the original debtor, always had been and was then able to pay the debt, which was left for collection by the plaintiff with the defendant.

The correctness of this ruling is too plain and manifest, upon the mere statement of it, to admit of any controversy. It is, in truth, merely stating the common· elementary principle, that an attorney is answerable to his client for negligence in an action on the case.

It is no answer to the charge of negligence, for the attorney to say, that the original debtor is able to pay the debt.  Nor is it any better answer to say, that an action for money had and received might have been brought against him, on the ground, that he had compromised the debt without the consent of the client, and had taken security to himself.  The defendant, in fact, made the appropriate answer to the charge of negligence, which was, that he had been guilty of no negligence ; but this defence was not sustained by the jury, who, by their verdict, have established the charge of negligence.   Negligence on the part of the attorney undoubtedly

furnishes a ground of action upon which the client may proceed; though the debtor is still able to pay the debt, and though the attorney may have also rendered himself liable for the debt, in an action for money had and received.

There was no exception taken to the amount of damages given by the jury, and no question was raised on that point. Besides the exceptions to the rulings of the court below, a motion was made, on the part of the defendant, in arrest of judgment, on the ground of the insufficiency of the declaration. The declaration is alleged to be defective, because no specific, particular act of negligence is set out. It is alleged, generally, that the defendant did, without the consent of the plaintiff. and contrary to his express directions, undertake to settle and adjust the plaintiff's claims with Purrington, and did not follow the instruction of the plaintiff, but so carelessly and negligently conducted the trust, that the debt has never been paid or collected, &c., &c.

There is undoubtedly a want of particularity in the declaration, which might perhaps have been fatal on demurrer; but which is as undoubtedly cured by the verdict. In the case of *Gilbert* v. *Williams*, 8 Mass. 51, it was decided, that an attorney, who disobeys the lawful instructions of his client, is responsible for any loss which may ensue in consequence. In the present case, the declaration alleges, that the defendant "did not follow the instruction of the plaintiff, but so carelessly and negligently conducted said trust, that the said debt has never been paid or collected." This certainly sets out a cause of action, though it may be set out defectively. It is a very familiar principle, that a declaration, which sets out a cause of action defectively, is cured by a verdict. It is a fair presumption, after verdict, that what was defective in the declaration was proved at the trial. It is well settled, that a want of particularity, which is the objection to this declaration, is cured by the verdict. It is quite plain, that the defects in this declaration are such as come within this principle.

*Exceptions and motion in arrest overruled.*